UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RODNEY GREEN,<br><br>    Plaintiff,<br><br>v.<br><br>DINAZ AHKTAR, et al.,<br><br>    Defendants. | Civil Action No. 24-10690 (SDW-JRA)<br><br>OPINION |

**IT APPEARING THAT:**

1.  On or about November 24, 2024, *pro se* Plaintiff Rodney Green, a convicted and sentenced state prisoner confined in South Woods State Prison, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). This Court granted Plaintiff's *in forma pauperis* application on January 29, 2025. (ECF No. 3).

2.  The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

3.  To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action

will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

4. This Court "must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed pro se should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). However, "*pro se* litigants must still allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

5. Plaintiff brings the complaint against public defender Dinaz Ahktar, prosecutor Jessica Klavens, and the Cumberland County Public Defender's Office. (ECF No. 1 at 4-6). He alleges Ahktar and the Public Defender's Office violated the Sixth and Fourteenth Amendment by "maliciously ignoring the Rules of Professional Conduct [and] grossly neglected to adhere to the reasonableness standard [by denying] me access to [an] expert witness," and that Klavens "vindictively pursued a claim to prosecute me … ." (*Id.* at 4). He seeks $500,000 and changes to the Public Defender's Office. (*Id.* at 6).

6. To state a claim for relief under § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "[P]ublic defenders are not state actors under § 1983 when they 'perform[ ] a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Rambert v. Dist. Att'y Philadelphia*, 2022 WL 205416, at *1 (3d Cir. Jan. 24, 2022)

(per curiam) (second alteration in original) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).

7. Plaintiff argues Ahktar violated the Sixth and Fourteenth Amendments when she failed to obtain an expert witness and advance an intoxication defense during Plaintiff's criminal trial. (ECF No. 1 at 10). These are quintessential functions of defense counsel, putting Ahktar outside the definition of a "state actor" for § 1983 purposes. Plaintiff's unsupported allegations of a conspiracy between Ahktar and Klavens are not enough to bring Ahktar within the purview of § 1983. *See Patrick v. New Jersey State Prison*, No. 18-cv-17324, 2025 WL 262237, at *7 (D.N.J. Jan. 22, 2025) ("A factually unsupported allegation of conspiracy constitutes a legal conclusion that is insufficient to state a plausible claim.") Therefore, Plaintiff's claims against Ahktar are dismissed with prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

8. Plaintiff further alleges that Klavens unlawfully prosecuted him, prevented him from obtaining expert testimony, and did not present evidence of intoxication to the grand jury. (ECF No. 1 at 4, 11-12). "When county prosecutors engage in classic law enforcement and investigative functions, they act as officers of the State." *Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996). However, prosecutors are entitled to "absolute immunity … for work 'intimately associated with the judicial phase of the criminal process.'" *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)). "[P]rosecutors are immune from claims arising from their conduct in beginning a prosecution, including soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings, presenting a state's case at trial, and appearing before a judge to present evidence." *Id.* (cleaned up) (citing *Imbler v.*

---

[1] The dismissal is without prejudice to Plaintiff's right to challenge Ahktar's representation in a collateral review proceeding.

*Pachtman*, 424 U.S. 409, 431 (1976); *Burns*, 500 U.S. at 491-92; *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992)). Plaintiff's claims against Klavens are centered on her initiating criminal charges against him and her conduct during trial. There are actions intimately associated with the judicial phase of the criminal process, making Klavens absolutely immune from suit. Plaintiffs' claims against her are dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(B)(iii).

9. Finally, Plaintiff seeks relief from the Cumberland County Public Defender's Office for not providing him with an expert witness during trial. (ECF No. 1 at 14). "[T]he Public Defender's Office is not a 'person' subject to suit under § 1983." *Santos v. Smith*, No. 08-3846, 2008 WL 4922207, at *3 (D.N.J. Nov. 12, 2008); *see also Simpson v. City of Coatesville*, No. 10-0100, 2010 WL 3155307, at *24 (E.D. Pa. July 28, 2010) (collecting cases). Therefore, Plaintiff's claims against the Public Defender's Office are dismissed with prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii).

10. This Court concludes that the complaint should be dismissed as Plaintiff has failed to state a claim against the Public Defender's Office and Ahktar, 28 U.S.C. § 1915(e)(2)(B)(ii), and Klavens is immune from suit, 28 U.S.C. § 1915(e)(2)(B)(iii). This Court is mindful that it may not dismiss a complaint without providing leave to amend unless it finds bad faith, undue delay, prejudice or futility. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002); *Shane v. Fauver,* 213 F.3d 113, 117 (3d Cir. 2000). In this case, Plaintiff cannot cure the deficiencies noted by this Court. Accordingly, this Court will dismiss the complaint with prejudice and without granting leave to file an amended complaint.

11. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: February 10, 2025